**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

STATE OF OHIO WCTP,

Plaintiff,

vs.

TANYQUA OLIVER-MATHEIS

Defendant.

Case No. 1:26-cv-851

Hopkins, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's motion for leave to proceed in forma pauperis brought in connection with a Notice of Removal, seeking to remove her case to federal court. (See Doc. 1-2). Ms. Matheis is a defendant in a state-court criminal action in the Butler County Area I Court. *See State of Ohio v. Oliver*, Case No CRB2600407 (filed July 6, 2026).[1]

Removal of civil actions is governed by 28 U.S.C. § 1441. Section 1441 provides, "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because Ms. Oliver-Matheius is the Defendant in the state criminal court action she may not remove her case from state to

[1] The Butler County Area I online docket indicates that a criminal complaint was filed against Defendant on July 8, 2026. An arraignment was scheduled for August 27, 2026. Defendant filed the instant notice of removal on August 21, 2026. See Online Docket report. See *State of Ohio v. Oliver,* Case No CRB2600407, Butler County Area I Court (filed July 6, 2026). This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (*citing Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

federal court.

A defendant seeking to remove a state criminal prosecution must file a notice setting forth the grounds for removal. 28 U.S.C. § 1455(a). If it clearly appears from the notice and attached materials that removal is not permitted, the Court must summarily remand the prosecution. 28 U.S.C. § 1455(b)(4).

Section 1443(1) authorizes removal only where the defendant is denied, or cannot enforce in state court, a right arising under a federal law providing specific civil rights stated in terms of racial equality. *Georgia v. Rachel*, 384 U.S. 780, 792 (1966). The defendant must also show that the right cannot be enforced in state court; allegations of individual bias, illegal conduct by state officials, or an inability to obtain a fair trial do not suffice*. City of Greenwood v. Peacock*, 384 U.S. 808, 827–28 (1966).

Here, Defendant alleges that her prosecution and related competency proceedings involve racial discrimination and invokes Title VI, 42 U.S.C. § 2000d. She also asserts First Amendment, due-process, speedy-trial, self-representation, bond, and state-law claims. These allegations do not establish removal jurisdiction under § 1443(1). Defendant identifies no state law or formal state procedure that prevents her from asserting a federal racial-equality claim in the Ohio courts. Rather, the notice alleges misconduct and adverse actions by particular state actors in connection with this prosecution. Such allegations are insufficient to show that the defendant is denied, or cannot enforce, a qualifying federal right in state court.

Accordingly, because this action was not properly removed to this Court, it is **RECOMMENDE**D that this matter be dismissed and **REMANDED** to the Butler County Area I Court pursuant to 28 U.S.C. § 1455(b)(4) and that this case be **TERMINATED** on the Court's docket.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
Chief United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

STATE OF OHIO WCTP,

Plaintiff,

vs.

TANYQUA OLIVER-MATHEIS

Defendants.

Case No. 1:26-cv-851

Hopkins, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).